**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LEWIS D. PETERSON,

              Plaintiff - Appellant,

    v.

UNION PACIFIC RAILROAD
COMPANY; JASON ZATT,

              Defendants - Appellees.

No. 10-56959

D.C. No. 2:10-cv-00306-R-AJW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted July 12, 2012
Pasadena, California

Before: GILMAN[**], TALLMAN, and N.R. SMITH, Circuit Judges.

    Plaintiff-appellant Lewis Peterson ("Peterson") appeals the district court's

grant of summary judgment in favor of defendants-appellees Union Pacific

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Ronald Lee Gilman, Senior United States
Circuit Judge for the Sixth Circuit, sitting by designation.

Railroad Company ("Union Pacific") and Jason Zatt ("Zatt"), a Union Pacific Police Officer. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Peterson alleges that Zatt used excessive force while lawfully arresting him for trespassing. Allegations of excessive force are examined under the Fourth Amendment's prohibition on unreasonable seizures, as explained in *Graham v. Connor*, 490 U.S. 386, 394 (1989). Importantly, Peterson has failed to provide medical records supporting his alleged injuries. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) ("Arpin's claim of injury is equally unsupported as she does not provide any medical records to support her claim that she suffered injury as a result of being handcuffed."). Without documentation of injury, his excessive-force claim fails. *See id.* (denying claim because plaintiff-appellant "failed to meet her burden of proof of providing specific facts to show that the force used was unreasonable or that she sustained actual injuries").

Peterson also claims that he suffered a violation of his procedural due process rights when he was incarcerated for two or three hours after his arrest. Peterson reads California Penal Code § 853.6 as creating a mandatory cite-and-release framework for misdemeanors. Section 853.6 does no such thing. In particular, § 853.6(g) allows an officer to "book the arrested person at the scene or

at the arresting agency prior to release." By booking Peterson, who had no identification on his person, Zatt acted in accordance with § 853.6, not in contravention of it.

AFFIRMED.